UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARRETT GLUTH,

        Plaintiff,

v.                                 Case No.:  2:19-cv-918-FtM-38MRM

AMERICAN AIRLINES, INC., f/k/a
US AIRWAYS, INC.,

        Defendant.

                                   /

## OPINION AND ORDER[1]

Before the Court is Defendant American Airline's Notice of Removal (Doc. 1), Plaintiff Gluth's Motion to Remand (Doc. 14), and American Airline's Response in Opposition (Doc. 15).  American Airlines has tried twice to remove this negligence action to federal court.  *See* Case No. 2:19-cv-174; Case No. 2:19-cv-00398.  Now, after taking Plaintiff's deposition and receiving Plaintiff's first demand letter, American Airlines removes this case for a third time.  The third time's a charm.  This time around, American Airlines successfully pleads an amount in controversy exceeding $75,000 so removal on diversity is proper and Gluth's Motion to Remand is denied.

## BACKGROUND

This is a negligence case in which Plaintiff alleges that he suffered personal injuries after a bag fell on his head on a US Airways[2] flight.  On its first attempt at removal,

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] US Airways, Inc. completed their merger with American Airlines, Inc. in 2015.

American Airlines listed Plaintiff's alleged injuries to establish the amount in controversy without including medical records or bills. The Court rejected American Airlines' contention that "on its face, the Complaint seeks damages well in excess of $75,000," stating instead that "[w]ithout more, the Court is left to guess on the nature of Gluth's 'severe' and 'permanent' injuries and the scope of her future treatment . . . [so] American Airlines has not shown that Gluth's negligence claim, more likely than not, exceeds the jurisdictional minimum." (Case No. 2:19-cv-174, Doc. 10 at 2, 3). The Court remanded the case to state court, denying American Airlines' request for time to conduct discovery in order to supplement removal.

Round two failed because American Airlines relied on Gluth's estimated loss of future earning capacity to establish the amount in controversy. Gluth had argued that he planned to leave government service and work in the private sector where he anticipated earning $100,000 more than his current compensation. Using Gluth's calculation ($100,000 x 28 years until Gluth retires), American Airlines argued amount in controversy was satisfied. The Court found Gluth's figure was "mere speculation" because "Gluth did not have a job offer – let alone fill out an application – before the accident [so] . . .[t]he Court cannot reasonably infer that Gluth lost $2.8 million because there are no facts to support the reality of Gluth's future 'career plans.'" (Case No. 2:19-cv-398, Doc. 23 at 2) (citation omitted).

## DISCUSSION

A defendant may remove a civil action from state court if the federal court has diversity jurisdiction. 28 U.S.C. § 1441(a). A federal court has diversity jurisdiction when the amount in controversy exceeds $75,000 and the parties are diverse citizens. *See* 28

U.S.C. § 1332(a).  Where a plaintiff does not plead a specific damage amount, the removing defendant must establish the amount in controversy by a preponderance of the evidence.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

Gluth's Complaint alleges damages over the state court jurisdictional amount: "in excess of $15,000.00, exclusive of interest."  (Doc. 7).  Since Gluth does not plead damages specifically,[3] American Airlines must plead the $75,000 figure by a preponderance of the evidence.  See *Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1362-63 (M.D. Fla. 1998).

Under 28 U.S.C. § 1446(b), removing defendants can rely on a variety of evidence to establish an amount in controversy including demand letters, depositions, and medical records.  See *Golden*, 1 F. Supp. 2d at 1364 ("Generally, defendants can use demand letters, as 'other paper' under 28 U.S.C. § 1446(b), to determine whether a case is removable."); *Sibilia v. Makita Corp.*, 674 F. Supp. 2d 1290, 1293 n.4 (M.D. Fla. 2009) ("[R]emoval would be appropriate if Defendant had used an 'other paper' under 28 U.S.C. § 1446(b) to establish the jurisdictional amount, such as Plaintiff's answers to requests for admissions regarding the jurisdictional amount, interrogatory responses regarding the amount of Plaintiff's damages, deposition testimony, or even medical bills or invoices establishing the amount of Plaintiff's damages.").

American Airlines received Gluth's demand letter on December 5, 2019.  (Doc. 15-1).  Gluth seeks a $750,000 settlement and incorporates the following detailed itemization: $9,433.00 (future medical costs broken down by discrete treatment based on

---

[3] The damages clause at the end of the Complaint states: "Wherefore, Plaintiff demands judgment for damages and costs against Defendant and further demands a trial by Jury on all issues."  (Doc. 7).

recommendations he has received from one of his physicians) and $263,955.78 (economic losses based on current salary, anticipated raise, and anticipated retirement age).

"Settlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction. Instead, courts have analyzed whether demand letters merely 'reflect puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of the claim.'" *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010). Although this Court in certain instances has placed little weight on a party's settlement offer or demand letter alone when determining whether the amount in controversy has been met, *Morris v. Bailo*, No. 2:17-cv-224-FTM-99CM, 2017 WL 7355308, at *1 (M.D. Fla. May 1, 2017), a demand that goes beyond mere posturing and offers specific information to make a reasonable assessment of the amount in controversy may be considered. *See Spector v. Suzuki Motor of America*, 2:17-cv-650-FtM-99CM, 2018 WL 345925, at *3 (M.D. Fla. Jan. 9, 2018).

To support the demand, Plaintiff presents a list of his future medical expenses based on recommendations from his physician. These expenses are itemized, and Plaintiff presents a cost for each item of treatment rather than a lump sum. Plaintiff also explains the detailed methodology he used to calculate his past and future economic losses, totaling $263,955.78. Plaintiff developed a formula to calculate the present monetary value of his projected reduced work schedule and future use of sick and annual leave. In developing this formula, Plaintiff took into account numerous factors: his current

4

salary, his intentions on working until he is at least 63 years old, the amount of hours under federal law that equals one year of service for federal employees, how much each year of sick leave would increase his retirement annuity (including how the multiplier would change after 20 years of service), his reduced work schedule (as a percentage) and increase in leave since his injury, and his anticipated work schedule for the remainder of his career considering he has reached maximum recovery from his injuries. Plaintiff explained that this formula did not include more speculative factors, such as anticipated future cost of living adjustments or pay increases throughout his career. (Doc. 15-1 at 4). *See Wineberger v. Racetrac Petroleum, Inc.*, 672 F. App'x 914, 917 (11th Cir. 2016) (finding that the district court properly considered front pay in calculating the amount in controversy).

Although demand letters standing alone are generally insufficient to support the amount in controversy, this triple-removed case is unique in that it has been ongoing since February 2019, discovery has been exchanged, and Plaintiff has been deposed. Unlike cases where pre-suit demands are made before any factual record has been developed, here Plaintiff was armed with information obtained over the course of several months when making his demand. Therefore, the demand contains more specific and detailed information than in those cases where the demand letter alone might have been insufficient. Accordingly, the Court finds that Plaintiff's demand credibly supports the conclusion that the reasonable assessment of his claim exceeded $75,000 at the time of removal. *Moraguez v. Walgreen Co.*, No. 6:15-CV-1579-ORL-28TBS, 2015 WL 7863008, at *2 (M.D. Fla. Dec. 3, 2015). Because Defendant here has shown by a preponderance

of the evidence that the amount in controversy exceeded $75,000 at the time of removal, the Motion to Remand is denied.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Remand (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of February, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record